27 Cal.Rptr. 407]

[Civ. No. 20770.   First Dist., Div. One.   Dec. 18, 1962.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and FRANK T. CASSIDY, Respondents.

T. Groezinger, Loton Wells and James J. Vonk for Petitioner.

Everett A. Corten, Rupert A. Pedrin, Neyhart & Grodin and Donald S. Tayer for Respondents.

BRAY, P. J.—This is a companion case to *W. P. Fuller & Co.* v. *Industrial Acc. Com.,* 1 Civ. No. 20769, this day decided.   (See *ante,* p. 9 [27 Cal.Rptr. 401].)

Petitioner State Compensation Insurance Fund seeks review and annulment of that portion of the award mentioned in that case which was granted in Industrial Accident Commission Nos. 196025 and 196026, relating to the industrial injuries suffered by Frank Cassidy while in Fuller's employ on November 20, 1957, and on April 22, 1958, respectively. Petitioner was the insurance carrier for Fuller at the times of said injuries. The commission, as set forth in the companion case, apportioned to these injuries 2/8ths of the total disability which it found was due to the total of all the industrial injuries received by Cassidy.

Petitioner makes practically the same contention as that made by the petitioners in the companion case, namely, that where uncontradicted medical evidence apportions a major share of disability to a preexisting and/or concurrent systemic bone disease which was neither triggered nor complicated by a series of eight distinct work-related back injuries over a period of years, the commission may not make a different

( 850 )

apportionment than the percentage apportionments stated by the medical experts.[1]

Petitioner contends additionally, in spite of the commission's position to the contrary, that the commission did not apportion the overall disability between the injuries and the bone disease and condition. However, as we pointed out in the companion case, the commission did make such apportionment determining that the injuries alone were responsible for 66 per cent of Cassidy's total disability.

As to the contention that the commission was bound by the medical experts' estimate of percentages due to the injuries and to the disease, our opinion in the companion case fully discusses and decides such contention.

The award is affirmed.

Sullivan, J., and Molinari, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 13, 1963.

---

[1]Petitioner here, differently from petitioners in the companion case, concedes the sufficiency of the evidence to support the commission's finding that Cassidy suffered an industrial injury in April 1960.